UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY L. CORBRAY, SR.,

           Plaintiff,

    v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

           Defendant.

Case No. C21-5623-BHS-MLP

REPORT AND RECOMMENDATION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Gary L. Corbray, Sr., has filed a proposed second amended complaint. (Second Am. Compl. ("SAC") (dkt. # 13).) He is currently incarcerated at the Monroe Correctional Complex. (*Id.* at 2.) Mr. Corbray identifies as defendants Robert Herzog, retired Assistant Secretary – Prison Division; C.O. Sullivans, Property Officer at the Washington State Penitentiary; and C.O. Heinbenger, Property Officer at Clallam Bay Corrections Center (together, "Defendants"). (*Id.* at 3.) Mr. Corbray alleges that unidentified prison officials endangered him and allowed him to be assaulted, and that his property was wrongfully disposed of. (*Id.* at 6-7.) Mr. Corbray seeks monetary damages for his property and for mental and physical harm. (*Id.* at 9.) Mr. Corbray also requests

REPORT AND RECOMMENDATION - 1

appointment of counsel to assist him in this suit. (*Id.* at 4-5.) Having considered Mr. Corbray's second amended complaint, the balance of the record, and the governing law, the Court recommends the second amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also recommends Mr. Corbray's request to appoint counsel be denied.

## I. BACKGROUND

While granting leave to amend, the Court declined to order service of Mr. Corbray's original complaint because he failed to identify any individual member of the corrections staff who was deliberately indifferent to his safety and because Washington state provides a post-deprivation process for property loss. (Dkt. # 10.) The Court, again granting leave to amend, declined to order service of Mr. Corbray's first amended complaint because, although he adequately alleged constitutional violations for failure to protect, he did not identify any individual who participated in the alleged constitutional violations. (Dkt. # 12.) His property claims remained non-cognizable. (*Id.* at 6-7.) On December 2, 2021, Mr. Corbray filed the instant second amended complaint, which reasserts his failure to protect and property loss claims. (SAC.)

## II. DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In

1  addition, a complaint must allege facts to state a claim for relief that is plausible on its face.
2  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
3      In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that
4  he suffered a violation of rights protected by the Constitution or created by federal statute, and
5  (2) that the violation was proximately caused by a person acting under color of state or federal
6  law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a
7  plaintiff must allege facts showing how individually named defendants caused, or personally
8  participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,
9  1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory
10 responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S.
11 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the
12 plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

### A. Property Claims

14     Mr. Corbray reasserts his claim that his property was improperly destroyed. (SAC at 7.)
15 As explained in the Court's prior orders declining to serve the complaint (dkt. ## 10, 12), where
16 a state employee's random, unauthorized act deprives an individual of property, either
17 negligently or intentionally, the individual is relegated to his state post-deprivation process, so
18 long as the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517,
19 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by*
20 *Daniels v. Williams*, 474 U.S. 327 (1986). The State of Washington provides a post-deprivation
21 remedy for the alleged tortious conduct of state employees under RCW 4.92. The statute requires
22 the Washington State Department of Enterprise Services to make the process accessible by
23 providing the tort claim form and instructions on its website, which it does. RCW 4.92.100(1);

REPORT AND RECOMMENDATION - 3

*see* https://des.wa.gov/services/risk-management/file-claim. Because the state provides an adequate statutory remedy for wrongful deprivation of property, any claims pertaining to the loss of Mr. Corbray's personal property are not constitutional violations cognizable under § 1983.

### B. Claims for Failure to Protect

Mr. Corbray reasserts his claims that prison staff "allowed [him] to be assaulted on four (4) different occasions" and endangered him by putting him in a cell with a white supremacist. (SAC at 8; *id.* at 6.) While he has adequately alleged a constitutional violation, Mr. Corbray fails to identify any individual responsible for the violation. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (prison officials must take reasonable measures to guarantee the safety of inmates, and have a duty to protect prisoners from violence at the hands of other prisoners). Mr. Corbray has not alleged any facts showing that any of the named Defendants personally participated in causing the harm alleged in the complaint.

Without a proper defendant, Mr. Corbray's suit cannot proceed. While violation of constitutional rights is unlawful, this Court cannot provide a remedy to Mr. Corbray if he cannot identify which individuals violated his constitutional rights. Mr. Corbray claims he "can't get access to certain elements, paperwork, names, etc. required in this case[.]" (SAC at 5.) Mr. Corbray states the Court is "treating Mr. Corbray as if he is an attorney" and holding him to "attorney standards." *Id*. The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It is not, however, the Court's role to investigate Mr. Corbray's claims on his behalf. There is no indication in the complaint that Mr. Corbray himself has made any efforts, through public records requests or otherwise, to obtain the

REPORT AND RECOMMENDATION - 4

information he needs to identify proper defendants. Even though the Court holds *pro se* defendants to less stringent standards, a suit without a proper defendant cannot proceed.

Given that Mr. Corbray has now had two chances to amend his complaint, the Court recommends the complaint and this action be dismissed for failure to state a claim on which relief may be granted.

### C.  Request to Appoint Counsel

Mr. Corbray states he "requested aid of counsel."[1] (SAC at 4.) No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

The Court finds that both factors weigh against appointing counsel. Mr. Corbray has made it clear that he is fully capable of articulating his position. Mr. Corbray claims he has a "slight case of Attention Deficit Disorder." (SAC at 5.) Yet the claims in his second amended complaint have been presented in a manner demonstrating an adequate ability to articulate his

---

[1] Mr. Corbray claims this Court did "not even recogniz[e his] request for counsel[.]" (SAC at 5.) His first amended complaint stated he is "no lawyer" but made no express request for appointment of counsel. (Dkt. # 11 at 4.)

REPORT AND RECOMMENDATION - 5

claims *pro se*. The challenge of identifying proper defendants is not, here, a matter of complex legal issues. All Mr. Corbray lacks is information, to which an attorney would be no more entitled than he is. And, given the failure to identify individual defendants who participated in constitutional violations, the Court finds the likelihood of success on the merits is low. In summary, Mr. Corbray has failed to show exceptional circumstances exist to appoint counsel. The Court therefore recommends that Mr. Corbray's request for appointment of counsel be denied.

### III. CONCLUSION

Based on the foregoing, the Court recommends that Mr. Corbray's second amended complaint (dkt. # 13) and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections, and any response, shall not exceed twelve pages. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date objections were due.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 17th day of December, 2021.

*MJPeterson*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7