UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY L. CORBRAY, SR.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON DEPARMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 21-5623-LK-MLP<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson, Dkt. No. 15, and the objections thereto filed by Plaintiff Gary L. Corbray, Sr., Dkt. No. 17. Because Mr. Corbray is proceeding pro se, the Court also construes his subsequently filed letter to the Court to be additional objections even though they were untimely. Dkt. No. 18. Defendants have not been served or appeared.[1] Having reviewed the Report and Recommendation, Plaintiff's objections, and the balance of the record, the Court ADOPTS the Report and Recommendation in part as set forth below.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) allows a district court to dismiss a complaint that fails to state a claim *sua sponte* and prior to service of process.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT - 1

## I.  DISCUSSION

Mr. Corbray is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action. He is currently incarcerated at the Monroe Correctional Complex. Dkt. No. 13 at 2. Mr. Corbray alleges that unidentified prison officials endangered him, allowed him to be assaulted, and caused his property to be wrongfully disposed of or lost. *Id.* at 6–7.

The background facts and procedural history are set forth in the Report and Recommendation ("R&R") (Dkt. No. 15) and are adopted here. The Court determines *de novo* the parts of the R&R to which Mr. Corbray has objected. Fed. R. Civ. P. 72(b)(3).

### A.  Appointment of Counsel

In Mr. Corbray's second amended complaint, he wrote that he "requested aid of counsel." Dkt. No. 13 at 4. Magistrate Judge Peterson construed that statement as a request for appointment of counsel. Dkt. No. 15 at 5–6; *see also* 28 U.S.C. § 1915(e)(1). The R&R explained that the factors weighed against appointment of counsel and recommended that the Court deny the request. Dkt. No. 15 at 5–6.

Mr. Corbray objects to the R&R and states that he has "asked for an attorney to be assigned to help me with this case due to my defici[e]ncies and due to myself not bein[g] able to comprehend the wordage and what is being asked of me." Dkt. No. 17 at 1. He also states that the Court's order of December 30, 2021 is "like chicken cackling" to him because he is not an attorney. Dkt. No. 18 at 1. The December 30, 2021 order asked parties to notify the Court if any attorney at the law firms listed in the order worked on this case. Dkt. No. 16. The purpose of the order was to identify any potential conflicts of interest when the case was reassigned.[2] Mr. Corbray does not need to respond

---

[2] There are many reasons why a case is reassigned; for example, "when a new judge joins the bench, cases must be reassigned to the new judge," and "[f]urthermore, as part of the Court's general administrative functions, cases are reassigned to different judges to equalize the caseload in the Court." United States District Court, S.D.N.Y., *Why has my case been reassigned to another judge?*, June 28, 2018, https://nysd.uscourts.gov/node/894.

to the Court's December 30, 2021 order because he is not an attorney. Therefore, the existence of the order does not justify the appointment of counsel.

The Court adopts the findings and recommendations of the R&R and denies Mr. Corbray's request for appointment of counsel for the reasons set forth in the R&R. Dkt. No. 15 at 5–6. In addition to the reasons set forth in the R&R, the Court also notes that Mr. Corbray has had significant experience litigating cases pro se before the district court and the Ninth Circuit Court of Appeals. *See, e.g., Corbray v. Miller-Stout*, 469 Fed. App'x 558, 2012 WL 605692 (9th Cir. Feb. 27, 2012) (affirming dismissal of petition for habeas corpus); *Corbray v. Cunningham*, 498 Fed. App'x 732, 2012 WL 5865872 (9th Cir. Nov. 20, 2012) (affirming dismissal of Section 1983 action and affirming the finding that Plaintiff's loss of his prison job did not state a claim). In this case, Mr. Corbray has demonstrated an ability to articulate his claims pro se. His claims to date lack merit as set forth below, and there are no exceptional circumstances justifying appointment of counsel. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Accordingly, Mr. Corbray's request for appointment of counsel is denied.

**B.    Dismissal of the Second Amended Complaint**

    1.    <u>Property Claims</u>

Mr. Corbray's objections to the R&R reiterate his claims that various items of his property have gone missing or been "disposed of" during his incarceration and that prison officials have not done enough to assist him in recovering his property. Dkt. No. 17 at 1–5. He points to records of his personal property indicating that several items were "in transit" as of September 9, 2020 and were then disposed of in November 2020. Dkt. No. 13-1 at 3–10; Dkt. No. 17-1 at 1–9.

The R&R explained that those allegations do not state a constitutional violation under Section 1983 because the state provides an adequate statutory remedy for wrongful deprivation of property. Dkt. No. 15 at 3–4. Although prisoners have a protected interest in their personal

property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), an unauthorized deprivation of a prisoner's property—whether it is done intentionally or negligently—does not constitute a violation of the Due Process Clause if a meaningful postdeprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 533–34 (1984).

As explained in the R&R, the State of Washington provides a meaningful postdeprivation remedy for the intentional or negligent loss of property by state agents and employees. Dkt. No. 15 at 3–4. In Washington, a plaintiff may file a tort claim against the State for unlawful loss or destruction of inmate property. *See id.* at 3–4; Wash. Rev. Code § 72.02.045(3); Wash. Rev. Code §§ 4.92.090–100; Wash. State Dept. of Enterprise Servs., *How to file a Washington State Tort Claim*, https://des.wa.gov/services/risk-management/file-claim; *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1345–46 (9th Cir. 1981); *see also Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986).

Mr. Corbray's objections do not identify any error with the R&R's conclusion that he failed to state a constitutional violation under Section 1983 because Washington provides a meaningful postdeprivation remedy. Having reviewed the issue *de novo*, the Court reaches the same conclusion: because the state provides a meaningful postdeprivation remedy for wrongful deprivation of property, Mr. Corbray has failed to state a Section 1983 claim based on the loss of his property. *See, e.g.*, *Hudson*, 468 U.S. at 533–34. That claim cannot be cured by any amendment, so it is dismissed without further leave to amend.

2. Failure to Protect Claims

The R&R found that Mr. Corbray has adequately alleged a constitutional violation by claiming that prison staff "allowed [him] to be assaulted on four (4) different occasions" and endangered him by putting him in a cell with a white supremacist. Dkt. No. 15 at 4. However, the R&R recommended dismissal of the SAC because "Mr. Corbray has not alleged any facts showing

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT - 4

that any of the named Defendants personally participated in causing the harm alleged in the complaint." *Id.* Having reviewed the issue *de novo*, the Court agrees.

The SAC identifies as defendants Robert Herzog, retired Assistant Secretary-Prison Division; C.O. Sullivans, Property Officer at the Washington State Penitentiary; and C.O. Heinbenger, Property Officer at Clallam Bay Corrections Center. Dkt. 13 at 3. Neither the SAC nor Mr. Corbray's objections state that any of those Defendants allowed Mr. Corbray to be assaulted or placed him a position to be assaulted. Rather, in identifying "C.O. Sullivans" and "C.O. Heinbenger" as "property officer[s]," Mr. Corbray appears to have sued them based on his claim for lost property, which is not a claim he can pursue in this case as set forth above. Dkt. No. 13 at 3, 7 (alleging that C.O. Heinbenger told Mr. Corbray that his property was on the way); Dkt. No. 17 at 2. It also appears that Mr. Corbray has named "Robert Herzog, retired Assistant Secretary-Prison Division" because of his perceived supervisory capacity; the SAC contains no allegations against Mr. Herzog. However, to establish a Section 1983 claim, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under Section 1983 solely based on supervisory responsibility or position. *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020) ("Although there is no pure *respondeat superior* liability under § 1983, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.") (internal quotation marks and citation omitted)). Mr. Corbray does not allege that any of the named Defendants personally assaulted him, directed the assaults, or knew of the assaults but failed to act to prevent them. Because Mr. Corbray has not alleged that Defendants caused the alleged constitutional violation, he has not stated a claim against them. Therefore, his second amended complaint is dismissed.

### 3. Leave to Amend

Having concluded that Mr. Corbray has failed to state a claim against any of the Defendants, the Court considers whether he should be granted leave to amend. Mr. Corbray has been given leave to amend twice to fix the problems with his complaint, and he has filed two amended complaints. Dkt. Nos. 10, 11, 12, 13. Magistrate Judge Peterson repeatedly and explicitly described the problems with Mr. Corbray's complaints. Dkt. Nos. 10, 12. Despite those opportunities, the SAC does not state a claim against any of the Defendants. However, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

In this case, it appears possible that Mr. Corbray could state a claim against the correct defendants. While his objections are still unclear and do not state a claim, they could be amended to identify who is responsible for endangering him. *See, e.g.*, Dkt. No. 17 at 3 (stating that "they" had "a white supremacist . . . put in my cell to teach me a lesson"). Therefore, this case is like *Lopez* in that Mr. Corbray could state a claim if he is able to name the defendant(s) who allegedly put him in danger and/or allowed others to assault him. *Lopez*, 203 F.3d at 1130–1131. Because of that and the seriousness of the harm alleged, the Court will allow him one final opportunity to name the correct defendants and state a claim against them.

Mr. Corbray may file a third amended complaint within thirty (30) days of the date this Order is signed that names the correct defendants, states a claim against them, and explains how each defendant personally violated his constitutional rights. The third amended complaint must include the same case number as this one. If no third amended complaint is timely filed, the Court will dismiss this action.

Mr. Corbray is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason,

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT - 6

any third amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts that Mr. Corbray believes support each claim, and the specific relief requested.

## II.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Court ADOPTS the Report and Recommendation IN PART as follows:

(1) Mr. Corbray's claim based on the loss of his property is DISMISSED without further leave to amend;

(2) Mr. Corbray's claim that defendants failed to protect him and/or endangered him is DISMISSED with leave to amend; Mr. Corbray may file a third amended complaint regarding this claim within 30 days of the date of this order;

(3) Mr. Corbray's request for appointment of counsel is DENIED;

(4) This matter is his matter is RE-REFERRED to Judge Peterson for further proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing pro se at said party's last known address, and to Magistrate Judge Peterson.

Dated this 6th day of June, 2022.

Lauren King
United States District Judge

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT - 7