UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY L. CORBRAY, SR.,

                Plaintiff,

    v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

Case No. C21-5623-LK-MLP

REPORT AND RECOMMENDATION

       This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Gary L. Corbray, Sr., proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the Monroe Correctional Complex. (Dkt. # 20 at 2.) Mr. Corbray's original complaint was filed in October 2021. (Dkt. # 9.) While granting leave to amend, this Court declined to serve the complaint because Mr. Corbray did not identify any proper defendants or state a constitutional claim, and his property claims were non-cognizable. (Dkt. # 10.) Mr. Corbray filed an amended complaint. (Dkt. # 11.) This Court declined to serve the amended complaint because, while Mr. Corbray adequately stated a claim for failure to protect, he did not identify any proper defendants. (Dkt. # 12 at 3-4, 7-8.) This Court further found Mr. Corbray had not adequately stated a claim for

REPORT AND RECOMMENDATION - 1

cruel and unusual punishment or First Amendment violations, and again explained that Mr. Corbray's property claims were not cognizable in this action. (*Id.* at 4-7.) The Court again granted leave to amend, and Mr. Corbray filed a second amended complaint. (Dkt. # 13.) This Court issued a Report and Recommendation to dismiss the second amended complaint and this action because Mr. Corbray failed to identify any proper defendants for his failure to protect claim and his property claims remained non-cognizable. (Dkt. # 15 at 4-5.) This Court also recommended denial of Mr. Corbray's request to appoint counsel. (*Id.* at 5-6.)

On June 6, 2022, the Honorable Lauren King adopted the Report and Recommendation in part. (Dkt. # 19.) Judge King denied Mr. Corbray's request for appointment of counsel, and dismissed the property claim without leave to amend because "[t]hat claim cannot be cured by any amendment[.]" (*Id.* at 4.) Regarding the failure to protect claim, "[because] Mr. Corbray could state a claim if he is able to name the defendant(s) who allegedly put him in danger and/or allowed others to assault him [and because of] the seriousness of the harm alleged," Judge King "allow[ed] him one final opportunity to name the correct defendants and state a claim against them." (*Id.* at 6.) Judge King gave Mr. Corbray 30 days to amend, and ordered that "any third amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts that Mr. Corbray believes support each claim, and the specific relief requested." (*Id.* at 7.)

On July 6, 2022, Mr. Corbray filed his third amended complaint. (Third Am. Compl. ("TAC") (dkt. # 20).) On July 11, 2022, Plaintiff filed another document entitled "Additional Information re [TAC]." ("TAC Add." (dkt. # 21).) Although the second document was not timely filed, because of the less stringent standard applied to *pro se* litigants and because Mr. Corbray indicates difficulty using the law library and accessing the e-filing system (*see id.* at 1-2), this

Court will consider the document and construes it as an addendum to the TAC. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Having considered Mr. Corbray's submissions, the balance of the record, and the governing law, the Court recommends that the third amended complaint (dkt. ## 20-21) and this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## I.   BACKGROUND

Mr. Corbray identifies as defendants in his TAC "L-Unit C.U.S., L-Unit Sergeant, L-Unit [illegible] Hughes B.D." at Airway Heights Corrections Center ("AHCC"); "F-Unit Officers on duty at 1700 Hours 9 APR 2020, West F-Unit C.U.S., F-Unit Sergeant" at the Washington State Penitentiary ("WSP"); and the Washington State Department of Corrections Indeterminate Sentence Review Board ("ISRB") (collectively, "Defendants").[1] (TAC (dkt. # 20) at 3.)

Mr. Corbray alleges he has been beaten by other inmates several times, the most recent three incidents between September 2019 and April 2020, twice at AHCC and once at WSP. (TAC at 4.) Mr. Corbray also alleges that, at a meeting on September 18, 2019, the ISRB accused him of a crime he did not commit because they had him confused with his nephew. (*Id.* at 3, 6.)

## II.   DISCUSSION

### A.   Pleading standards

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for

---

[1] Written between the lines in the "Defendant Information" section are two inmates' names and numbers. (TAC at 3.) It is unclear whether Mr. Corbray intended to name them as defendants or lists them in order to identify which assault happened at which institution. Even if Mr. Corbray intended these individuals to be named defendants, there are no factual allegations about them and no allegations that they acted under color of state law. Accordingly, the inmates would not be proper defendants in this § 1983 action, and will not be addressed further.

REPORT AND RECOMMENDATION - 3

the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

B.      **Claim against ISRB**

Mr. Corbray alleges the ISRB accused him of a crime he did not commit, and told him he "was in prison for life" for the crime. (TAC at 6; TAC Add. at 3.) It is unclear how Mr. Corbray contends these statements are a violation of constitutional rights. Moreover, the ISRB is not a proper defendant in this action. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). In addition, it is well established that, under the Eleventh

Amendment, an unconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for suits such as the one presented here. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). The ISRB is an agency of the State of Washington. Thus, any claims asserted against it are essentially claims against the state itself and are therefore barred under the Eleventh Amendment. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429-31 (1997).

Finally, the Court observes that Judge King permitted Mr. Corbray a third amendment to his complaint solely to give him "one final opportunity to name the correct defendants and state a claim against them" for failure to protect. (Dkt. # 19 at 6.) Mr. Corbray makes no allegation against the ISRB related to failure to protect. For all of these reasons, the ISRB is not a proper defendant.

### C. Failure to Protect

Prison officials are required to take reasonable measures to guarantee the safety of inmates, and officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish an Eighth Amendment violation, an inmate must allege facts demonstrating that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to the inmate's safety. *Id.* at 834; *Redman v. Cnty. of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991). To demonstrate deliberate indifference, a prisoner must allege facts that an official knew of and disregarded an excessive risk to inmate safety; that is, the official must both have been aware of facts from which the inference could be drawn that a

substantial risk of serious harm existed, and he must have drawn the inference. *Farmer*, 511 U.S. at 837; *Redman*, 942 F.2d at 1442.

Mr. Corbray alleges three "assaults [were] allowed to happen to [him] at A.H.C.C. twice and W.S.P. once from 9 September 2019 thru April 2020[.]" (TAC at 4.) He does not allege any of the named Defendants participated in any of these assaults. Mr. Corbray contends he "can't remember any of the persons['] names at these institutions" because his personal property, including "address books, pictures, journals, [and] court paperwork," was taken. (TAC at 5.) He does not, however, offer any explanation for how these documents would identify any proper defendants.

Even if Mr. Corbray could name specific individuals acting under color of state law who were involved in the assaults, he has not alleged any facts showing that such individuals knew of and disregarded an excessive risk to his safety. Mr. Corbray's claims are thus insufficient to put any potential defendant on notice of his claims and the precise grounds upon which they rest. Accordingly, the Court concludes Mr. Corbray has failed to state a claim for failure to protect. Mr. Corbray has now had four opportunities to identify a viable constitutional claim and viable defendants and has been unable to do so.

### III.   CONCLUSION

Based on the foregoing, the Court recommends that Mr. Corbray's third amended complaint (dkt. ## 20-21) and this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 12, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Lauren J. King.

Dated this 22nd day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7