1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY L. CORBRAY, SR.,

               Plaintiff,

   v.

STATE OF WASHINGTON
DEPARMENT OF CORRECTIONS et al.,

               Defendants.

CASE NO. 3:21-cv-5623-LK

ORDER ADOPTING REPORT AND
RECOMMENDATION

       This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson, Dkt. No. 22, and the objections thereto filed by Plaintiff Gary L. Corbray, Sr., Dkt. No. 23. Defendants have not been served or appeared.[1] Having reviewed the Report and Recommendation, Plaintiff's objections,[2] and the balance of the record, the Court adopts the Report and Recommendation as set forth below.

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) allows a district court to dismiss a complaint that fails to state a claim *sua sponte* and prior to service of process.

[2] Because Mr. Corbray is proceeding pro se, the Court has considered his objections even though they are unsigned, Dkt. No. 23, and even though he has ignored the Court's instruction to correct that deficiency by September 19, 2022, Dkt. No. 24. However, in the future, the Court may refuse to consider his unsigned filings.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

# I.    DISCUSSION

The background facts and procedural history are set forth in the Report and Recommendation ("R&R"), Dkt. No. 22, and are adopted. Although the Court therefore declines to fully reproduce them here, it sets forth the following background information for context and ease of reference.

Mr. Corbray is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action. Dkt. No. 8. He is currently incarcerated at the Monroe Correctional Complex. Dkt. No. 20 at 2. As Judge Peterson explained, Mr. Corbray has had three opportunities to amend his complaint. Dkt. No. 22 at 1–2. Most recently, the Court dismissed his claim that his property had been disposed of or lost because that claim "cannot be cured by any amendment[.]" Dkt. No. 19 at 4. The Court also found that Mr. Corbray's allegations that unnamed prison officials failed to protect him did not state a claim, but the Court allowed him leave to amend and "one final opportunity to name the correct defendants and state a claim against them." *Id.* at 5–6. The Court gave Mr. Corbray 30 days to amend and ordered that "any third amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts that Mr. Corbray believes support each claim, and the specific relief requested." *Id.* at 6–7.

Mr. Corbray then filed a timely third amended complaint, Dkt. No. 20, and an untimely supplemental third amended complaint, Dkt. No. 21. Because Mr. Corbray is proceeding pro se, the Court considers both of those filings even though the second iteration was untimely.

In his third amended complaint, Mr. Corbray alleges that unidentified inmates have assaulted him, prison officials did not protect him, his property has been wrongfully disposed of or lost, and the Washington State Department of Corrections Indeterminate Sentence Review Board ("ISRB") accused him of a crime he did not commit because they had him confused with

his nephew. Dkt. No. 20 at 4–7. His supplemental third amended complaint also alleges that he was wrongfully accused and convicted. Dkt. No. 21 at 3.

Judge Peterson recommended dismissal of the third amended complaint because despite four chances, Mr. Corbray has not stated a claim. Dkt. No. 22 at 6. She explained that Mr. Corbray had failed to state a claim against the ISRB because, among other reasons, it is not a "person" subject to suit under Section 1983, and any claim against the ISRB—an agency of the state of Washington—is barred by the Eleventh Amendment. *Id.* at 4–5. Turning to the assault-related claims, Judge Peterson noted that Mr. Corbray has not alleged that any of the Defendants participated in the assaults or failed to protect him from them. *Id.* at 6. While he alleges that he "can't remember any of the persons['] names at these institutions" and his property—including journals—were taken, he does not "offer any explanation for how these documents would identify any proper defendants." *Id.* (internal quotation marks omitted) (quoting Dkt. No. 20 at 5). The Court determines *de novo* the parts of the R&R to which Mr. Corbray has objected. Fed. R. Civ. P. 72(b)(3).

In his objections, Mr. Corbray contends that he has lacked access to the law library since receiving the R&R, Dkt. No. 23 at 1, but he does not explain how such access would transform the ISRB into a proper party or supply the missing facts to support his assault-related claims. Mr. Corbray continues to allege that prison officials failed to protect him, *id.* at 2, but he does not state who did so or accuse Defendants of that conduct. Mr. Corbray also complains about his missing property, *id.* at 2–3, but as the Court previously held, those allegations do not state a claim, Dkt. No. 19 at 4. Finally, Mr. Corbray alleges that he has been "harassed," falsely accused, and "threatened to be sent to the hole for wanting to continue [his] pursuit" of this case, Dkt. No. 23 at 3, but again, Mr. Corbray does not allege that any of the Defendants engaged in that conduct. Accordingly, he has not stated a claim, and his claims should be dismissed without prejudice.

## II.    CONCLUSION

Having reviewed the Report and Recommendation, Mr. Corbray's objections to it, and the remaining record,

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 22.

(2) This case is DISMISSED without prejudice.

The Clerk is directed to seal Docket Numbers 21 and 23 and to file redacted copies of those documents because they appear to contain Mr. Corbray's social security number, which he should not include in future filings. *See* Local Civil Rule 5.2(a), available at https://www.wawd.uscourts.gov/sites/wawd/files/WAWDAllLocalCivilRules.pdf. The Clerk is further directed to send uncertified copies of this Order to Mr. Corbray at his last known address and to Judge Peterson.

Dated this 22nd day of November, 2022.

Lauren King
United States District Judge